# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| GERALD ALTON DAVIDSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CV411-069 |
| ) | |
| BRUCE CHATMAN, Warden, ) | |
| ) | |
| Respondent. ) | |

## ORDER

In an amended 28 U.S.C. § 2254 petition, doc. 8, Gerald Alton Davidson challenges his 1997 "conviction on two counts of child molestation, four counts of aggravated sodomy, two counts of aggravated child molestation, three counts of aggravated sexual battery, two counts of cruelty to children, and one count of statutory rape." *Davidson v. State*, 231 Ga. App. 605, 615 (1998). For his original filing he did not use a 28 U.S.C. § 2254 Rule 2(d) form. Doc. 1 (forty-page handwritten petition). The Court sent him one when it issued him a warning under *Castro v. United States*, 540 U.S. 375, 382–83 (2003). Doc. 7. The form sought the location of his conviction -- Banks County, Georgia, doc. 8 at 3 -- which is in the Northern District of Georgia. Yet, he is confined in a prison

within this judicial district, the Southern District of Georgia. *Id.* at 1.

While both districts have "concurrent jurisdiction" to consider his petition, 28 U.S.C. § 2241(d), the court where the habeas petition is filed has the discretion to transfer the petition to any other district that has the power to hear the case. *Id.* It is the long-standing policy and practice in the United States District Courts in this circuit to cause all such petitions to be filed in or transferred to the district where the state prisoner was convicted, since that will be the most convenient forum. *Eagle v. Linahan*, 279 F.3d 926, 933 n. 9 (11th Cir. 2001) ("The practice of the district courts in Georgia is to transfer habeas petitions filed in the district court where the petitioner is confined to the district where the petitioner was convicted."); *Mitchell v. Henderson*, 432 F.2d 435, 436 (5th Cir. 1970) ("The purpose of [§ 2241(d)], of course, is to provide a more convenient forum for witnesses."). This practice also fosters an equitable distribution of habeas cases between the districts of this state.

Having considered the interest of justice, the Court concludes that the Northern District would be the better forum for resolving this matter. Hence, the Clerk is **DIRECTED** to transfer this case to the Northern District of Georgia for all further proceedings. *See* 28 U.S.C. § 1404(a)

(permitting a district court to transfer any civil action to another district or division where it may have been brought for the convenience of parties and witnesses and in the interest of justice).

**SO ORDERED** this  28th  day of June, 2011.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3